CLOSED CIVIL CASE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 00-893-CIV-GRAHAM/TURNOFF

CRC PRESS, LLC,

    Plaintiff,

vs.

WOLFRAM RESEARCH, INC., et al.,

    Defendants.
_____/



FILED by _____ D.C.
SEP 11 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER

**THIS CAUSE** came before the Court on Defendants' Motion to Transfer the Case to the Central District of Illinois (D.E. #31).

### I. BACKGROUND

Plaintiff CRC Press, LLC, brings this action against Defendants Wolfram Research, Inc., Dr. Stephen Wolfram, and Dr. Eric Weisstein for copyright infringement, breach of contract, and tortious interference with contract. The Complaint relates to a scholarly work that Defendant Dr. Weisstein authored and originally published on the World Wide Web. The title of Dr. Weisstein's work is *Eric Weisstein's Treasure Trove of Mathematics* ("*Treasure Trove*").

After Dr. Weisstein's work appeared on the World Wide Web, Plaintiff CRC Press published, in print, a portion of Dr. Weisstein's original work. The title of Plaintiff's print publication is *The Concise Encyclopedia of Mathematics* ("The

*Concise Encyclopedia*"). CRC Press owns the copyright to *The Concise Encyclopedia.*

Defendants now seek to post an amended version of Dr. Weisstein's *Treasure Trove* on the World Wide Web. Plaintiff CRC Press claims that Defendants may not post the amended version of Dr. Weisstein's work because this posting would infringe on Plaintiff's copyright to *The Concise Encyclopedia*. Defendants dispute that CRC Press may prevent them from posting the materials.

Defendants have filed a Motion to Transfer Venue of the Case to the Central District of Illinois. Defendants allege that a transfer of the case from the Southern District of Florida to the Central District of Illinois is appropriate because Illinois provides a more convenient venue for handling the action.

After carefully reviewing the parties' arguments, the relevant case law, and the record as a whole, the Court finds that transfer of this case to the Central District of Illinois is appropriate. Accordingly, the Court grants Defendants' Motion to Transfer Venue.

## II.  **LEGAL STANDARD**

The federal transfer of venue statute, 28 U.S.C. §1404(a), governs the transfer of an action to a more convenient federal district. Section 1404(a) provides that for "the convenience of the parties and witnesses, in the interest of justice, a district

2

court may transfer any civil action to any other district or division where it might have been brought."

The transfer of a pending case between judicial districts is a matter within the sound discretion of the district court and is reviewable only for an abuse of discretion. See Norwood v. Kilpatrick, 349 U.S. 29, 32 (1955). In order to transfer this case pursuant to 28 U.S.C. §1404(a), two conditions must be present. First, the Central District of Illinois must be a forum in which this case might have originally been brought. Second, the balance of interests must weigh heavily in favor of transfer to the Central District of Illinois. See Tingley Systems, Inc. v. Bay State HMO Management, Inc., 833 F. Supp. 882, 885 (M.D. Fla. 1993).

### III. DISCUSSION

#### A. The Action Might Have Been Brought in Illinois.

The threshold prerequisite to a change of venue under section 1404(a) is that the proposed transferee district must be one in which the action sought to be transferred might have been brought. See Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960). An action might have been brought in a proposed transferee court if: (1) the transferee court has jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant

3

is amenable to process issuing out of the transferee court. *See* Windmere Corp. v. Remington Products, Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985).

After carefully reviewing Defendants' Motion and the pertinent portions of the record, the Court finds that this action meets all three of the above requirements and thus "might have been brought" in the United States District Court for the Central District of Illinois. First, the District Court for the Central District of Illinois possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, since this is an action that arises under a federal statute, and 28 U.S.C. §1332, since there appears to be complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. Second, venue is proper in the Central District of Illinois because all three Defendants reside there. *See* 28 U.S.C. §1391. Third, the Defendants are amenable to service of process issued by an Illinois court.

Accordingly, the Court finds that this action might have been originally brought in the United States District Court for the Central District of Illinois.

**B. The Balance of Interests Weighs in Favor of Transfer.**

The transfer of venue statute allows for the transfer of an action -- even though venue is proper in the district where the action is pending -- if the district to which the action can be

4

transferred presents a more convenient forum. See <u>Jewel Masters, Inc. v. The May Deapartment Stores Company</u>, 840 F. Supp. 893, 894 (S.D. Fla. 1993). Plaintiff's choice of forum is merely one of the factors to be considered by the Court, and a plaintiff's choice is "entitled to less consideration if the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff." See <u>Windmere Corp. v. Remington Products, Inc.</u>, 617 F. Supp. at 10.

To determine the appropriateness of a transfer to another federal district, a court must weigh a variety of factors, including: (1) the plaintiff's choice of forum, (2) the convenience of the parties; (2) the convenience of the witnesses; (3) relative ease of access to sources of proof; (4) availability of process to compel the presence of unwilling witnesses; (5) cost of obtaining the presence of witnesses; and (6) the public interest. See <u>Jewel Masters, Inv. v. the May Dep't Stores, Co.</u>, 840 F. Supp. 893, 895 (S.D. Fla. 1993).

**1. Convenience of the Parties and Witnesses.**

The Court finds that the convenience of the parties weighs in favor of transfer of the case to the Central District of Illinois. All three Defendants in this case reside in the Central District of Illinois. See, e.g., <u>Windmere</u>, 617 F. Supp. at 8 (explaining that convenience of the parties is best served

5

by transferring the action from the state where only plaintiff resides to the district where all the defendants reside).

Further, Defendants dispute this Court's ability to exercise personal jurisdiction over Defendant Dr. Wolfram. *See* Dr. Wolfram's Motion to Dismiss for Lack of Personal Jurisdiction. Similar jurisdictional problems do not appear to exist in the Central District of Illinois. Allowing Plaintiff to resolve its controversy against all Defendants in a single forum that has jurisdiction over all Defendants is more convenient to the parties.[1]

The convenience of the witnesses factor also favors transfer. It appears that the core group of key witnesses is located in Illinois. For example, Drs. Wolfram and Weisstein both reside in Illinois. Further, most of Defendant Wolfram Research, Inc.'s employees with relevant information reside in Illinois.

2. **Relative Ease of Access to Sources of Proof.**

The Court finds that the Central District of Illinois provides ease of access to sources of proof. The books and records of all three Defendants are located in the Central District of Illinois, including Dr. Weisstein's notes and

---

[1] The Court may transfer the action without first deciding the Motion to Dismiss for Lack of Personal Jurisdiction. *See* Milligan Elec. Co., Inc. v. Hudson Constr. Co., 886 F. Supp. 845, 850 (N.D. Fla. 1995).

6

documentation related to *The World of Math* and to *The Concise Encyclopedia.*

Further, while Dr. Weisstein's internet encyclopedia can be accessed from Florida, the server on which the Treasure Trove/Mathworld Website is hosted in Illinois. All of the records related to the Website and any agreements between the parties are in Illinois as well.

### 3. The Availability of Process to Compel the Presence of Unwilling Witnesses and the Cost of Obtaining the Presence of Witnesses Favors Illinois.

It appears that many of the witnesses with knowledge about the case are located in Illinois. Further, Illinois is centrally located and is a convenient destination from anywhere in the United States.

### 4. Public Interest Factors.

The Court finds that public interest factors favor the case being handled in the Central District of Illinois. The Central District of Illinois currently has thousands fewer pending civil cases than the Southern District of Florida. Further the Central District of Illinois has approximately 85% fewer criminal cases that are subject to the Speedy Trial Act. *See Judicial Business of the United States Courts 1999,* Tables C-6 and D-8, at www.uscourts.gov/judbus1999/c06sep99.pfd and www.uscourts.gov/judbus1999/d08csep99.pfd. Where, as here, one district has substantially more work, the public interest factors

of 28 U.S.C. §1404 favor transfer to the district with less work. See <u>Windmere</u>, 617 F. Supp. at 10.

### 5. The Forum Selection Clause.

Plaintiff's Authorship Agreement with Dr. Weisstein contains a forum selection clause. In the Agreement, Plaintiff and Dr. Weisstein select Florida as the location within which to resolve any dispute. Plaintiff argues that this forum selection clause overcomes the factors that weigh in favor of transfer to the Central District of Illinois.

While a forum selection clause may carry weight, it is well-established that the Court may not base its transfer decision solely upon such a clause. See <u>Stewart Org. v. Ricoh Corp.</u>, 487 U.S. 22, 30 (1988); <u>In re Ricoh</u>, 870 F.2d 570, 573 (11th Cir. 1989). Here, two of the three Defendants were not parties to the agreement that contains the forum selection clause. A forum selection clause may be applied to a person who did not sign the agreement containing the clause when that person was so closely related to the transaction embodied in the contract that it was foreseeable that the forum selection clause would be applied to him or her. See <u>Lipcon v. Underwriters at Lloyd's London</u>, 148 F.3d 1285, 1299 (11th Cir. 1998), *cert. denied*, 525 U.S. 1093 (1999) (finding that man and woman who participated in the transaction by signing letters of credit were bound by the forum

selection clause agreed to by their respective spouses). That condition is not satisfied here.

Defendant Wolfram Research, Inc. and Dr. Wolfram do not appear to have had a relationship to the underlying transaction here. Neither Wolfram Research nor Dr. Wolfram participated in the transaction between Dr. Weisstein and CRC Press. Further, neither Wolfram Research nor Dr. Wolfram signed or ratified the agreement containing the forum selection clause. In addition, Wolfram Research and Dr. Wolfram had no relationship with Dr. Weisstein until Wolfram Research hired Dr. Weisstein in June 1999 -- more than two years after the Authorship Agreement was signed. *See, e.g.,* Lipcon v. Underwriters at Lloyd's London, 148 F.3d 1285, 1299 (11th Cir. 1998) (finding that man and woman who participated in the transaction by signing letters of credit were bound by the forum selection clause agreed to by their respective spouses).

Accordingly, the Court finds that the forum selection clause does not apply to two of the three Defendants in this case and that therefore the clause does not outweigh the convenience factors that tip in favor of transferring this case to the Central District of Illinois.

### IV.  CONCLUSION

The Court finds that for the convenience of the parties and in the interest of justice, this matter should be transferred to

the Central District of Illinois pursuant to 28 U.S.C. §1404(a). Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Transfer Venue to the United States District Court for the Southern District of Florida is hereby GRANTED. The above-styled cause is hereby TRANSFERRED to the United States District Court for the Central District of Illinois. It is further

**ORDERED AND ADJUDGED** that any pending motions are DENIED AS MOOT and WITHOUT PREJUDICE. The parties may re-file motions with the District Court in the Central District of Illinois. It is further

**ORDERED AND ADJUDGED** that this case is CLOSED for administrative purposes in the Southern District of Florida.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of September, 2000.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Janet T. Munn, Esquire
    Bradford Lyerla, Esquire
    Ellen Leibovitch, Esquire
    David Rabinowitz, Esquire